**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**


**JOHNATHAN B. EDWARDS,**

      **Petitioner,**

**vs.**                                                      **Case No. 4:08cv527-RH/WCS**

**LARRY CAMPBELL,**

      **Respondent.**

_____**/**


**<u>REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION</u>**

      Petitioner Edwards, proceeding pro se, filed a 28 U.S.C. § 2254 petition.  Doc. 1.

The filing fee was paid.

      Petitioner challenges the judgment of the Second Judicial Circuit, Leon County,

imposed in May or June of 2008.  Doc. 1, p. 2.  He indicates that an appeal to the

"Second Judicial (felony) trial courts" was denied on June 3, 2008, and that he filed a

petition with the Florida Supreme Court which remains pending.  *Id.*, pp. 2-3.

      A direct appeal from the Second Judicial Circuit would be filed with the Florida

First District Court of Appeal.  According to the online docket for the First District,

Petitioner's direct appeal is pending in case 1D08-2765, with the initial brief due on

February 6, 2009.  Petitioner also has a case pending in the Florida Supreme Court, case number SC08-1886.

A § 2254 petition may not be granted unless the applicant has exhausted available state court remedies, unless there is an absence of available state remedies or circumstances render the process ineffective to protect the applicant's rights.  § 2254(b)(1).  A petitioner has not exhausted remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented."  *See also* O'Sullivan v. Boerckel, 526 U.S. 838, 839, 119 S.Ct. 1728, 1730, 144 L.Ed.2d 1 (1999) ("[f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court," citing § §  2254(b)(1) and (c)).  To exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  526 U.S. at 845, 119 S.Ct. at 1732.  "Boerckel applies to the state collateral review process as well as the direct appeal process."  Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004); Pruitt v. Jones, 348 F.3d 1355, 1359 (11th Cir. 2003).

Petitioner's appeal is still pending, so he cannot have exhausted remedies by invoking one complete round of the appellate review process.  If the judgment is affirmed Petitioner may seek collateral relief by filing a Fla.R.Crim.P. 3.850 motion in the trial court.

The § 2254 petition should be summarily dismissed without prejudice at this time.  In the event Petitioner ultimately exhausts remedies and wishes to pursue § 2254 relief, he is advised that there is a one year time limit for filing.  The one year generally runs from the date on which the conviction "became final by the conclusion of direct review or

the expiration of the time for seeking such review," and is tolled for the time during

which a "properly filed" application for relief (such as a Rule 3.850 motion)  is pending in

state court.  § 2244(d)(1)(A); § 2244(d)(2).  The one year has not yet commenced for

this Petitioner as his conviction has not "[become] final by the conclusion of direct

review."

It is therefore respectfully **RECOMMENDED** that the § 2254 petition be

**DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court

remedies.

**IN CHAMBERS** at Tallahassee, Florida, on February 5, 2009.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**